**ALLIANCE MUTUAL CASUALTY COMPANY, Appellant,**

v.

**Leo ATKINS, Appellee.**

**No. 15934.**

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 26, 1958.

Rehearing Denied Oct. 24, 1958.

Cantey, Hanger, Johnson, Scarborough & Gooch, Frank E. Crumley and Sloan B. Blair, Forth Worth, for appellant.

Sewell & Forbis, and James E. Forbis, Decatur, for appellee.

RENFRO, Justice.

This is an appeal from a judgment of the District Court of Wise County, sitting without a jury, in favor of appellee Atkins and against appellant Alliance Mutual Casualty Company for damages to appellee's automobile caused by a collision.

The court found the value of the automobile before the collision to be $2,650 and the value after the collision to be nothing, that the accident resulted in total destruc-

tion of appellee's automobile and a complete loss to appellee. By reason of the $50 deductibe clause, judgment was entered for appellee for $2,600.

The finding of a "before" value of $2,650 is not disputed.

Appellant does attack the finding that the auto was a total loss as not being supported by competent or sufficient evidence.

Appellee himself did not attempt to testify to the value after the collision, but, in referring to one of appellant's employees, testified, "He said the Chevrolet said it was a total loss." Appellee further testified the Durbin Motor Company gave him a bid of $1,316.27 to repair the car.

The witness James, called by appellee, testified he was in charge of the Body Shop at the Ferrill Chevrolet Company. The witness testified he could not express an opinion as to whether the car was of sufficient value to justify its repair because he did not make an itemized estimate of it, and that he did not remember whether or not he made a bid on repairs.

Appellee then called Thorne as a witness. Thorne acted as adjuster for appellant. Thorne did not testify as to the value of the car, but while he was on the stand appellee requested and received from him a bid signed by some one from the Chevrolet Company which contained a notation that the automobile was a complete loss. The bid was introduced in evidence as proof the auto was a total loss.

The witness Smith, manager of Durbin Motor Company, was called by appellee. He was asked the value of the automobile after the collision. His answer was, "that would be a pretty hard question to answer, of course, it has some salvage value. * * Yes, sir, it definitely has. * * * Yes sir, it still has some." Upon further interrogation, he testified there was a question in his mind whether the motor and transmission would still be in line, no one could tell without tearing the automobile down; he knew salvage buyers who would buy the auto, but did not know how much they would pay. On direct examination Smith testified the car was worth $2,700 to $3,000 before the accident. On cross-examination he was asked, " * * * you say it would be worth something less after this wreck, after all new parts had been put in and I'd like to know how much less in this case?" The witness answered, " * * * I would depreciate it another five hundred dollars." And in referring to repaired cars, he answered, "there are certain people that buy those class cars."

Appellant offered two witnesses who testified the auto could be repaired for $900 or less.

■ The appellee had the burden to prove the automobile was a total loss.

■ Such proof is not in appellee's testimony. He merely testified, "He said the Chevrolet said * * *" etc. Such testimony was hearsay and inadmissible.

■ The only other reference to total loss was the exhibit heretofore mentioned, offered by appellee while witness Thorne was on the stand. That statement, too, was hearsay and inadmissible. The statement was not offered as impeachment or to refresh the memory of the maker, but was offered as primary evidence while a witness not connected with the Chevrolet Company was testifying.

The statement as offered was not admissible as primary evidence and could not support the findings of the court. 17 Tex. Jur. 526; McCormick and Ray, Texas Law of Evidence, Vol. 1, p. 559; Maryland Casualty Co. v. Davis, Tex.Civ.App., 181 S.W. 2d 107.

■ The findings and judgment of the court must, if allowed to stand, be supported by the testimony of the witness Smith. As already pointed out, Smith testified the auto had a "before" value of $2,700 to $3,000,

that after being repaired with new parts it would be depreciated by probably $500. His statement that it had a salvage value, in view of his evidence as a whole, is not equivalent to no value or total loss. Where probative force of evidence is so weak that it raises only a surmise or suspicion of existence of fact sought to be established, the evidence is no "evidence" at all in legal contemplation, and will not support a finding which comprehends the existence of the disputed fact. Houston Fire & Casualty Ins. Co. v. Biber, Tex.Civ.App., 146 S.W.2d 442; Air-Port Eastham Bus Co. v. O'Neal, Tex.Civ.App., 276 S.W.2d 871. If Smith's general reference to salvage value can be considered as some evidence of total loss, yet, in light of his other testimony, such testimony amounted to no more than a suspicion of such fact.

Appellee relies on Southern County Mut. Ins. Co. v. Green Motor Co., Tex.Civ.App., 248 S.W.2d 959, in support of his contention that Smith's testimony as to "salvage" value justifies a finding of total loss. In the above case we note that the witness testified the car before the collision had a value of $1,695, after the collision it was worthless to anyone except a junk dealer, his estimate to put the car back in shape would "run approximately $2,000" or more than $300 more than the car was worth before the accident.

There is no such evidence in the instant case. Smith made no estimate of costs of repairs. He admitted it could be repaired by testifying that some dealers would repair and sell like cars. He did not testify that the car had salvage value only. His conclusion of salvage value was based in part, at least, on possible "hidden damage." There was no evidence to support such assumption. Air-Port Eastham Bus Co. v. O'Neal, supra.

In some instances testimony of a witness that an article had some "salvage" value might be construed to mean that said article had no value other than salvage value and that the salvage value was equivalent to

total loss, but not so in this case for Smith's own testimony is to the contrary.

Believing there is no competent evidence to uphold the trial court's judgment of total loss, the case is hereby reversed and remanded for a new trial.

In view of our action, we do not deem it necessary to pass on appellant's plea in abatement.

Reversed and remanded.