**Buford B. LANKFORD, Jr., Appellant,**

v.

**ROGERS FORD SALES and Ford Motor Company, Appellees.**

**No. 6235.**

Court of Civil Appeals of Texas, El Paso.

March 8, 1972.

Rehearing Denied April 5, 1972.

---

Kerr, Fitz-Gerald & Kerr, Ted M. Kerr, Midland, for appellant.

Stubbeman, McRae, Sealy, Laughlin & Browder, Harrell Feldt, Legg, Saxe & Baskin, Midland, for appellees.

## OPINION

RAMSEY, Chief Justice.

This is an appeal from a summary judgment. Buford B. Lankford, Jr., Plaintiff-Appellant, filed suit for damages against Rogers Ford Sales and Ford Motor Company, Defendants-Appellees. The basis for damages was for breach of warranty of merchantability of an automobile. The trial Court granted the Defendants' Motions for Summary Judgment. We affirm.

This being an appeal from a summary judgment, it is incumbent upon this Court to view the evidence in the light most favorable to the Plaintiff to determine the existence of a genuine issue of material fact. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557 (1967).

The Plaintiff assigns four points of error. The basis of all of the points relates to the existence of genuine issues of material fact relating to the failure of the warranty of its essential purposes whereby the Plaintiff would be entitled to recover on a warranty of fitness and merchantability.

The facts are essentially uncontroverted. The Plaintiff purchased a new 1967 Thunderbird automobile on January 18, 1968, from the Defendant, Rogers Ford Sales, an authorized Ford dealer. The automobile was manufactured by the Defendant, Ford Motor Company. At the time of the purchase, Plaintiff received a written new vehicle warranty. Soon after the purchase, many defects occurred, some of an exasperating nature (activating the safety flasher turned on the radio) and other defects rendering the vehicle unsuitable for use (power steering defect). The details of the defects are not questioned and the Plaintiff presented well documented proof of the occurrences and circumstances. On May 19, 1969, Plaintiff filed this suit. Defects were repaired by Rogers when the breakdown occurred and others were repaired by other dealers when breakdowns occurred out of town. In each instance, repairs were made to rectify the defects. The Plaintiff so testified, though at times it would take one to five attempts to make the repairs which would require returning the car to Rogers and leaving it for the repair work.

During approximately eighteen months, the car was in the shop for repairs some 45 days for about 50 different defects. Rogers' service personnel advised Plaintiff that this automobile developed more defects than would normally be expected in an automobile of this quality.

The gist of the controversy may be summarized in that Plaintiff alleges that the limited written warranty has failed in its essential purpose and therefore, the Plaintiff should then be entitled to rely on implied warranties of fitness and merchantability for relief. The Defendant Ford's contention is that the warranty furnished to Plaintiff was a limited written warranty whereby Ford was obligated to replace or repair any defective part without charge to the Plaintiff. That in so doing, Ford has performed in accordance with the warranty and should not be subjected to any claim in excess of that which it contractually undertook. Defendant Rogers, being the dealer and repair agency, asserts that the

**250**

only warranty made on the vehicle was made by the manufacturer Ford and thus Rogers is not responsible for any warranty, but only for implementation of the warranty by repairs that have been performed. Plaintiff's cause of action is for damages and not for rescission.

The wording of the warranty is as follows:

"Basic Warranty

"Ford Motor Company warrants to the owner each part of this vehicle to be free under normal use and service from defects in material and workmanship for a period of 24 months from the date of original retail delivery or first use, or until it has been driven for 24,000 miles, whichever comes first. * * *

"All the warranties shall be fulfilled by the Selling Dealer (or if the owner is traveling or has become a resident of a different locality, by any authorized Ford or Lincoln-Mercury dealer) replacing with a genuine new Ford or Ford Authorized Reconditioned part, or repairing at his place of business, free of charge including related labor, any such defective part. * * *

"The warranties herein are expressly IN LIEU OF any other express or implied warranty, including any implied WARRANTY of MERCHANTABILITY or FITNESS, and of any other obligation on the part of the Company or the Selling Dealer."

Plaintiff does not allege any fraud or misrepresentation either by Ford or Rogers in the selling of the automobile nor is there any allegation of negligence or failure or refusal to repair when defects occurred.

■ Texas Courts have consistently held that where there is an express written warranty, the seller will not be bound beyond the terms of the warranty. John Deere Company of Kansas City v. Tenberg, 445 S.W.2d 40 (Tex.Civ.App. n. w.

h.); Ford Motor Company et al. v. Puskar, Tex.Civ.App., 394 S.W.2d 1, modified; Jack Roach-Bissonnet, Inc. v. Puskar, 417 S.W.2d 262 (Tex.1967); Eastern Seed Co. et al. v. Pyle, Tex.Civ.App., 191 S.W.2d 708, modified; Pyle v. Eastern Seed Co. et al., 145 Tex. 385, 198 S.W.2d 562 (1946); E. F. Elmberg Co. v. Dunlap Hardware Co., 267 S.W. 258 (Tex.Com.App.1924, opinion adopted).

Plaintiff's contention is that the Uniform Commercial Code, effective since September 1, 1967, affords a basis for relief to a purchaser when the limited warranty fails of its essential purpose. Section 2.719, Tex.Bus. & Comm.Code Ann. (Tex. UCC Vol. 1) V.T.C.A., provides as follows:

"§ 2.719. Contractual Modification or Limitation of Remedy.

"(a) Subject to the provisions of Subsections (b) and (c) of this section and of the preceding section on liquidation and limitation of damages,

"(1) the agreement may provide for remedies in addition to or in substitution for those provided in this chapter and may limit or alter the measure of damages recoverable under this chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts; and

"(2) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

"(b) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title.

"(c) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer

goods is prima facie unconscionable but limitation of damages where the loss is commercial is not."

We find no decision of a Texas Court that has construed these provisions of the Uniform Commercial Code. The provisions above quoted expressly authorize a limited warranty. The parties in this suit consummated their transaction whereby the warrantor's liability was limited to repair or replacement. Plaintiff does not allege that the limitation is unconscionable nor does he allege any fraudulent representation or over-reaching on the part of the manufacturer or dealer. We can only conclude that such limitation is therefore reasonable and acceptable and not violative of the provisions of the Uniform Commercial Code.

The only complaint made by Plaintiff is that the limited warranty has failed in its essential purpose, alleging, after repeated repairs, the automobile is still not of merchantable quality and as such breaches the Defendant's implied warranty of merchantability and fitness. Courts in other jurisdictions have had occasions to construe this same section of the Uniform Commercial Code; and in the absence of Texas authority, we resort to those opinions as an aid in construction. In so doing, it is important to note that the Plaintiff admits that on each and every occasion that a defect has occurred, the same has been repaired by a Ford dealer. Thus, there is no allegation of any repudiation of the limited warranty, nor any allegation of any wilful failure or refusal to make the repairs needed nor any allegation of dilatory, careless or negligent compliance with the terms of the limited warranty. In the absence of such circumstances, we must conclude, as a matter of law, that the limited warranty has not failed in its essential purpose. Adams v. J. I. Case Company, 125 Ill.App.2d 388, 261 N.E.2d 1; Dow Corning Corporation v. Capital Aviation, Inc. v. North American Rockwell Corporation, 411 F.2d 622 (7th Cir. 1969); Jones

& McKnight Corp. v. Birdsboro Corporation, 320 F.Supp. 39 (N.D.Ill.1970); County Asphalt, Inc. v. Lewis Welding & Engineering Corporation, 323 F.Supp. 1300 (S.D.N.Y.1970); Riley v. Ford Motor Company, 442 F.2d 670 (5th Cir. 1971). The Defendants having complied with the provisions of the warranty as admitted by the Plaintiff himself, are thus entitled to assert its provisions in limitation of the remedies and liabilities expressed therein.

We therefore affirm the judgment of the trial Court.