ORR CHEVROLET, INC., et al., Appellants,

v.

Norvel COURTNEY, d/b/a Precision Brake Service, Appellee.

No. 8132.

Court of Civil Appeals of Texas, Texarkana.

Dec. 27, 1972.

George L. McWilliams, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for Chevrolet Motor Div.

Nicholas Patton, Young & Patton, Texarkana, Ark., for Orr Chevrolet.

Errol Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

RAY, Justice.

This case involves a new vehicle warranty. Norvel Courtney, d/b/a Precision Brake Service, Appellee (Plaintiff) brought suit against Orr Chevrolet, Inc., and Chevrolet Division of General Motors Corporation, Appellants (Defendants), for the cost of repairing a 1971 Chevrolet pickup truck and damages for the loss of use of the vehicle on the basis that Appellants had breached the vehicle warranty. The jury found that the vehicle was defective in material and workmanship and awarded Appellee the sum of $1,800.00 as the reasonable and necessary cost of repairing or replacing the defective parts in the truck. The jury also awarded Appellee $4,500.00 as the reasonable value of the loss of use of the vehicle. The Trial Court entered judgment for Appellee against the Appellants jointly and severally in the sum of $6,300.00 and costs. Appellants timely filed their appeals.

The record on appeal reveals that Appellant Orr Chevrolet failed by one day to timely file its amended motion for new trial. Its attorney filed an affidavit stating that although the amended motion for new trial had a file mark of May 17, 1972, it was in fact hand delivered by him to the District Clerk of Bowie County on May 16, 1972. Appellee filed his motion to strike the points of error of Orr Chevrolet, Inc., for the reason that Orr's amended motion for new trial was not timely filed. Appellee affixed to his motion an affidavit from the District Clerk of Bowie County stating that the amended motion for new trial was filed on May 17, 1972; that it was accompanied by a cover letter dated May 16, 1972; and that the clerk had no independent recollection of being handed the amended motion by the attorney for Orr Chevrolet. Appellee's attorney filed his affidavit with this Court stating that he received a copy of the amended motion for new trial on May 17, 1972, along with a cover letter dated May 16th and that the letter and motion were received through the U. S. Mail. Under Art. 1822, Vernon's Ann.Tex.Rev.Civ.Stat., this Court has power, upon affidavit, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction. Gaskin v. Perritt, 472 S.W.2d 211 (Tex.Civ.App., Texarkana, 1971, no writ hist.). However, the question here is not one of jurisdiction because Appellant Orr Chevrolet timely filed its original motion for new trial on April 26, 1972, and an order overruling motion for new trial was signed on June 9, 1972, which was within the 45-day period prescribed for ruling on motions for new trial by Rule 329b, Texas Rules of Civil Procedure Ann. No jurisdictional question is presented to this Court for determination since the record clearly reflects that steps were taken by Appellant Orr Chevrolet to perfect is appeal. The matter to be determined is whether this Court shall consider the assignments of error set out in the amended motion for new trial filed by Orr Chevrolet. Since the record shows that such amended motion for new trial was filed one day late, it is not entitled to be considered by this Court nor was it entitled to be considered by the Trial Court. Tex.R.Civ.P. 329b, supra. Since no jurisdictional problem is involved, we decline to consider the affidavit filed by the attorney for Orr Chevrolet as to the date of delivery of the amended motion for new trial to the District Clerk of Bowie County. The date stamped on Orr Chevrolet's amended motion for new trial by the District Clerk of Bowie County on May 17, 1972, will be considered by this Court to be the correct date as shown by the transcript of the proceedings in this matter. We conclude that such amended motion for new trial was filed late and will not be considered for any purpose; neither will Orr Chevrolet's points of error germane to the amended motion for new trial be considered. The only grounds stated for new trial in the original motion for new trial are "that the verdict of the jury is contrary to the evidence" and "that the judgment of the court is contrary to law." Rule 374, Tex.R.Civ. P., provides that "a ground of error not

distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived." We consider that the two assignments of error set forth in Orr Chevrolet's original motion for new trial are not sufficiently particular to point out, segregate or otherwise identify a particular ruling or action of the Trial Court as would constitute reversible error. We further conclude that Appellant Orr Chevrolet has not substantially complied with the provisions of Rule 374, supra, concerning assignments of error in its motion for new trial; therefore we consider that this Appellant has waived its grounds of error. We find no fundamental error committed by the Trial Court as relates to Appellant Orr Chevrolet. Kendall v. Johnson, 212 S.W.2d 232 (Tex. Civ.App., San Antonio, 1948, n. w. h.). The judgment of the Trial Court as it relates to Appellant Orr Chevrolet, Inc., will be affirmed.

Appellant Chevrolet Motor Division of General Motors Corporation presents three points of error for our consideration.

■■■ The burden of proof was upon Appellee to establish whether or not his vehicle was repairable. If the cost of repairing the vehicle were more than the loss in its fair market value, then the loss in fair market value would be the measure of damage. If the car were subject to repair, and the cost of its repair was less than the loss in fair market value, then the cost-of-repair measure of damages would be applicable. In this case, Appellee testified that the fair market value of the truck free of defects on November 3rd, 1970, would have been $4,800.00 and that its fair market value on August 20, 1971, after the damage was discovered was $1,000.00. Thereafter, the court submitted Special Issue No. 5 inquiring as to the reasonable and necessary cost of repairing or replacing defective parts on Appellee's truck. Appellee has failed to sustain his burden of proof relative to the cost of repairing the vehicle. The only testimony relative to the cost of repairing the automobile for $1,800.00 came from Mr. Courtney, the Appellee, when he stated that he got that figure from another Chevrolet company through a telephone conversation to that company's parts department and that he couldn't recall the person with whom he had talked. All of the testimony in the record concerning the cost of repair of the vehicle was hearsay. Inadmissible hearsay admitted without objection may not be used for any purpose. 1 Tex.Law of Evidence, McCormick & Ray, 2d Ed. Sec. 31, p. 33. "This position seems to be based upon the assumption that such evidence is entirely without probative value." See also Knapik v. Edison Bros., Inc., 313 S.W.2d 335 (Tex.Civ.App., Waco 1958, writ ref'd); Alliance Mutual Casualty Company v. Atkins, 316 S.W.2d 783 (Tex. Civ.App., Fort Worth 1958, writ ref'd, n. r. e.).

■ Point of Error No. 1 of Appellant Chevrolet Motor Division of General Motors Corporation is sustained, since Appellee offered no evidence of probative force that would support an issue inquiring into the cost of repairing the vehicle.

Appellant Chevrolet Division of General Motors Corporation offered the deposition testimony of Appellee, stating that Appellee was relying upon the Chevrolet warranty which he received with his truck and that he was not relying upon any other type of writing or any other type of warranty. Appellee further testified that his suit was based upon a breach of the warranty which he received with his truck. It was established that Defendant's Exhibit No. 1 was the warranty which was issued with Appellee's truck. That warranty provides the following:

"This warranty does not cover: . . . . 3. Loss of time, inconvenience, loss of use of the vehicle or other consequential damages; . . . ."

■■ Since Appellee had previously relied upon that warranty to have his truck repaired, he cannot now repudiate it. As between Appellee and Appellant Chevrolet

Division of General Motors Corporation, the Appellee is not entitled to recover damages for the loss of use of his truck as a result of the alleged breach of an expressed warranty. Lankford v. Rogers Ford Sales, 478 S.W.2d 248 (Tex.Civ.App., El Paso 1972, writ ref'd, n. r. e.). However, loss of use of a vehicle may be a subject of damages when it is alleged and proved that the limited warranty has failed in its essential purpose. Lankford v. Rogers Ford Sales, supra, at page 251, and Sec. 2.719 Texas Business & Commerce Code, V.T.C.A. Point of Error No. 2 of Appellant Chevrolet Division of General Motors Corporation is sustained. Point of Error No. 3 of this Appellant is not reached.

The judgment of the Trial Court as it relates to Appellant Orr Chevrolet, Inc., is affirmed. The judgment of the Trial Court as it relates to Appellant Chevrolet Division of General Motors Corporation is reversed and rendered that Appellee take nothing.