

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 22, 1975

The Honorable Jackie W. St. Clair
Commissioner, Texas Department
of Labor and Standards
Box 12157, Capitol Station
Austin, Texas 78711

Opinion No. H-673

Re: Bonding provisions of
the Texas Mobile Homes
Standards Act of 1975.

Dear Commissioner St. Clair:

The 64th Legislature adopted Senate Bill No. 397 (not otherwise published at the date of this opinion) revising in a number of respects, the Texas Mobile Home Standards Act, Acts 1969, 61st Legislature, Regular Session, Chapter 656 (art. 5221f, V. T. C. S.). Among other things section 13 of S. B. 397 (hereafter referred to as the Act) requires manufacturers, dealers and salespersons to file a bond with your office "to insure compliance with the intent of this Act. "

Section 13 of the Act, entitled "Bond Required" is as follows:

(a) As of the effective date of this Act and annually thereafter, subject to such a schedule as the department may provide, all mobile home manufacturers, dealers, and salespersons are required to file a performance bond with the commissioner, along with such information the department may deem necessary to insure compliance with the intent of this Act.

(b) The bond shall be a surety bond issued by a company authorized to do business in the state, and shall be in conformity with the Insurance Code.

(c) The bond shall be to the state for the use by a consumer, the state, or any political subdivision thereof who establishes liability against a manufacturer, dealer, or salesperson for damages,

penalties, or expenses, including reasonable attorney's fees, resulting from a cause of action connected with the sale or lease of a mobile home. A consumer, the state, or any political subdivision thereof may recover against the principal or surety jointly and severally for such damages, penalties, or expenses. The bond shall be open to successive claims up to the amount of face value.

(d) Any manufacturer or dealer who maintains a place of business at one or more locations shall file with the department a separate bond for each location.

(e) A manufacturer shall be bonded in the amount of $100,000. A dealer shall be bonded in the amount of $25,000. A salesperson shall be bonded in the amount of $2,000.

(f) The bonding company is required to provide written notification to the department at least 30 days prior to the cancellation of any bond required by this Act.

Section 14 of the Act, entitled "Warranties" provides:

(a) After the effective date of this Act, all new mobile homes sold by a manufacturer or dealer to consumers shall be covered by the mobile home warranty set forth in this Act.

(b) The mobile home warranty provided for in this Act shall apply to the manufacturer of the mobile home as well as to the dealer who sells the mobile home to the buyer, except as otherwise provided.

(c) The mobile home warranty shall be set forth in a separate written document entitled 'Mobile Home Warranty'; shall be delivered to the consumer by the dealer at the time the contract of sale is signed; and shall contain, but is not limited to, the following terms:

(1) that the mobile home complies with the code;

(2) that the warranty shall be in effect for a period of at least one year from date of initial set-up;

(3) that the mobile home and all appliances and other equipment installed and included therein by the manufacturer or dealer are free from defects in materials or workmanship;

(4) that set-up and tie-down operations performed on the mobile home are performed in compliance with this Act, and other applicable state and local requirements, provided that only a dealer, his agent, or a manufacturer selling mobile homes directly to consumers shall be liable for the performance of the requirements in this subsection;

(5) that the manufacturer or dealer or both shall take appropriate corrective action within a reasonable period of time in instances of defects in materials or workmanship, or failures to comply with the code;

(6) that the manufacturer and dealer shall be jointly and severally liable to the consumer for the fulfillment of the terms of the mobile home warranty, except as provided in Part (4), Subsection (c) of this section, and that the consumer may notify either one or both of the need for appropriate corrective action in instances of defects of workmanship, or failures to comply with the code;

(7) that the warranty contains the address and telephone number of the dealer and manufacturer where notices of defects may be given.

As you state in your request for our opinion, questions have arisen regarding the nature and interpretation of these provisions. You suggest that clarification of these provisions by our office would be helpful to the industry in securing the required bonds.

Your first question is:

> Section 13, subsection (a), states that all manufacturers, dealers and salespersons must file a performance bond annually. The bond form the Department is using is continuous and contains a clause to the effect that the aggregate liability of the Surety may not exceed the penalty stated in the bond. Is this a cumulative liability or would the maximum liability be limited to the penalty sum of the particular bond which covered the conduct that gave rise to the cause of action?

If there is any discrepancy between the printed terms of the bond form and the requirements of the Act it would appear quite obvious that the Act will control and any bond given to fulfill its requirements will have to be interpreted to conform to the Act.

The Act in section 13(a) provides that the bond shall be filed annually. This, coupled with the provision of section 13(c) that the bond "shall be open to successive claims up to the amount of face value," would surely indicate an intent upon the part of the Legislature that bonds be filed annually, each with limits or "face value" as provided in section 13(e).

It is our opinion that the liability under the bond would be limited to the total required during the period of the bond; i.e., during any one year the total liability on a bond issued to a dealer would be $25,000, to a manufacturer $100,000 and to a salesperson $2,000.

Your second question is:

> Section 13, subsection (c), states that the bond may be used by a consumer, the state or a political subdivision who 'establishes liability' against a mobile

> home dealer, manufacturer or salesperson. What
> is meant by establishing liability through a 'cause
> of action' connected with the sale or lease of a
> mobile home?

Section 13(c), in our opinion, refers to a final judgment being entered against the principal on the bond through judicial process.

Your third question is:

> If a valid claim or judgment is made in con-
> nection with a particular mobile home at a point in
> time after termination of the bond which covered
> the manufacture or sale of the mobile home, would
> there be liability under that bond or alternatively
> would there be liability under the bond in force at
> the time the loss occurred?

Section 17(d) dealing with penalties, provides that a contract between a consumer and a mobile home salesperson, dealer or manufacturer, is voidable if there was no bond as required by the Act "at the time the contract was consummated." It is our opinion that this evidences a clear intent upon the part of the Legislature that the bond to which recourse may be had by the consumer or others is the bond which was in effect at the time the sale was consummated, and not the bond in force at the time the loss occurred, although the two might be the same in some instances, if not in most.

Your fourth question asks:

> What period of time must elapse after termina-
> tion of the annual bond when a claim may no longer
> be recovered under that bond?

Since the answer to this question necessarily must turn on the terms of the contract of sale with the consumer and of any express warranty which may be given, it is impossible for us to give an answer. The extent to which a principal may limit his warranties as to duration is an involved question requiring the consideration of several statutes, both state and federal, as well as numerous court decisions. Without being exhaustive,

we would direct your attention to chapters 2 and 17 of the Texas Business and Commerce Code and especially to sections 2.313 through 2.318, 2.607, 2.719, 2.725; and 17.50; to articles 5545 and 5546, V.T.C.S.; to the recently enacted Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, Public Law 93-637, 88 Stat. 2138 (1975) to be codified as 15 U.S.C. section 2301; and to the following decisions: Sherwin Williams Company v. Perry Company, 424 S.W.2d 940 (Tex. Civ. App. --Austin 1968 writ ref'd. n. r. e.), 431 S.W.2d 310 (Tex. Sup. 1968); Griffin v. H. L. Peterson Company, 427 S.W.2d 140 (Tex. Civ. App. --Dallas 1968, no writ); John Deere Company of Kansas City v. Tenberg, 445 S.W.2d 40 (Tex. Civ. App. --Beaumont 1969, no writ); Lankford v. Rogers Ford Sales, 478 S.W.2d 248 (Tex. Civ. App. --El Paso 1962, writ ref'd. n. r. e. ); Mobile Housing, Inc. v. Stone, 490 S.W.2d 611 (Tex. Civ. App. --Dallas 1973, no writ); Melody Home Manufacturing Company v. Morrison, 502 S.W.2d 196 (Tex. Civ. App. --Houston [1st Dist.] 1973, writ ref'd. n. r. e. ); Brown v. Young, 507 S.W.2d 600 (Tex. Civ. App. --El Paso 1974, no writ).

Your fifth question asks:

> Section 14 requires that the mobile home warranty to the consumer provide for joint and several liability. If the surety has bonded only one of these parties, for example the dealer, would the surety be liable under the bond for a violation of the statute by the party, e. g. manufacturer whom he had not bonded?

The provision to which you refer is found in subsection (c)(6) of section 14 of the Act and requires that the manufacturer and dealer "shall be jointly and severally liable to the consumer for the fulfillment of the terms of the mobile home warranty."

It is conceivable that a bond might be issued fulfilling the bond requirements of section 13 as to both the manufacturer and one or more of its dealers. Your question, we assume, is directed, however, at a bond issued to only one principal. For example, if issued to a dealer, it will cover the liability of the dealer which will include defects built into the mobile home by the manufacturer for which the dealer is jointly liable

under section 14(c)(6). A bond issued to the manufacturer will, to a certain extent, cover faults resulting from failures of the dealer, but not all. It specifically will not be responsible for set-up and tie-down operations performed by a dealer [section 14(c)(4)]. Otherwise, the manufacturer will be responsible for the warranty of the dealer that the mobile homes comply with the code, that the homes and all appliances and other equipment installed and included therein are free from defects in materials and workmanship, even if they were installed and included by the dealer and not the manufacturer, and that both the manufacturer and the dealer shall take appropriate corrective action within a reasonable time in instances of defective materials or workmanship or failure to comply with the code.

On the other hand, there are other penalties assessed against a principal for which there is no joint liability and for which the surety of one would not be liable for the breach of the other. These would include civil penalties under section 17 of the Act.

We would further call your attention to the obvious fact that both at common law and by agreement, the party secondarily liable may seek indemnification from the one primarily liable. For a discussion of this question, see Ford Motor Company v. Russell and Smith Ford Company, 474 S. W. 2d 549 (Tex. Civ. App. --Houston [14th Dist. ] 1971, no writ).

Your sixth question asks:

> If the original consumer-purchaser sells the mobile home to another within the warranty period applying to that mobile home, does the liability of the dealer and/or manufacturer and their respective sureties extend to the new consumer-purchaser?

Section 13(c) provides that the bond shall be for the use of a consumer, the state or any political subdivision thereof who establishes liability. The Act, in section 3, defines a consumer to be "any person who seeks or acquires by purchase of lease a mobile home from a manufacturer, dealer or salesperson." Unless a person purchasing a mobile home can

qualify under this definition, i.e., unless he acquires the mobile home from a manufacturer, dealer or a salesperson as defined, then we cannot see how he is an obligee under the bond, even though under the warranty provisions of the Act he may have a cause of action against the manufacturer, dealer or salesperson for breach of warranty.

In answering these questions, we have done so based upon our construction of section 13 that the bond called for is not intended to replace or fulfill the functions of a liability insurance policy, and, thus would not pay losses established against the manufacturer, dealer or salesperson for personal injury as the result of negligence.

We base this conclusion on language of section 13 referring to the bond both as a "performance bond" and as a "surety bond," language which certainly speaks more in the terms of suretyship than of liability insurance.

The legislature, when it has wanted to require insurance has used that term. See e.g., art. 6701h, sec. 19, V.T.C.S. The Insurance Code, in discussing the jurisdiction of the Insurance Board over casualty insurance companies, speaks both in terms of insurance and surety bonds. Ins. Code. art. 5.13.

Thus, even though the dealer or manufacturer may be liable, not only to the consumer, but to third persons for damages resulting from negligence in the manufacture or installation of a mobile home, we do not believe that it was the intent of the Legislature that the bond required by section 13 cover that liability except insofar as it grows out of the warranty of the manufacturer or dealer. In any event, the surety on the bond may minimize any such liability by requiring that its principal carry products liability insurance insuring against any such loss.

<u>S U M M A R Y</u>

With reference to the bond required by section 13 of article 5221f, V.T.C.S., as amended in 1975: (1) the bonds are to be filed annually and liability on them is

to be limited to the stated penalty as a total for each year; (2) liability of the surety on the bond is fixed only when liability of the principal is established by a final judgment; (3) the bond in force during the period when the contract of sale is consummated for a particular mobile home is the bond against which any claim would be filed growing out of the sale of that home; (4) the period of time during which a claim may be filed against a bond after its termination depends on the contract of sale and the express warranty, subject to various statutory provisions; (5) to the extent that the manufacturer and dealer may each be liable in warranty for the derelictions of the other, the surety on the bond may also be liable; and (6) liability on the bond does not extend to purchasers from a consumer.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee