885 P.2d 131

**WILDWOOD HILLS MOBILE HOME PARK, Eric Roles and Robert Drake, Plaintiffs–Appellants,**

v.

**ARIZONA DEPARTMENT OF BUILDING AND FIRE SAFETY, Amelia Phillips–Patterson, Edward Steele, Rosemarie K. Allen, William Phalin and Pat Washburn, Defendants–Appellees.**

No. 1 CA–CV 92–0086.

Court of Appeals of Arizona,
Division 1, Department B.

May 12, 1994.

Reconsideration Denied July 29, 1994.

Review Denied Dec. 20, 1994.

Ryley, Carlock & Applewhite by David E. Shein, Phoenix, for plaintiffs-appellants.

Grant Woods, Atty. Gen. by Elizabeth J. Stewart, Julie C. Tolleson, Asst. Attys. Gen., Phoenix, for appellee Dept. of Bldg. and Fire Safety.

Hendrickson & Fuller by Walter J. Reynolds, Jr., Mesa, for individual appellees.

**OPINION**

TOCI, Judge.

Wildwood Hills Mobile Home Park, Eric Roles, and Robert Drake (collectively, "Wildwood") appeal from a judgment of the superior court affirming an order of the Arizona Department of Building and Fire Safety ("Department") hearing officer[1] awarding Amelia Phillips–Patterson, Edward Steele, Rosemarie K. Allen, William Phalin, and Pat Washburn (collectively, "the Tenants") reimbursement for mobile home space rental overcharges.

Under existing law, the mobile home parks hearing officer has jurisdiction to handle all matters pertaining to the Arizona Mobile Home Parks Residential Landlord and Tenant Act ("Act"), *except for* "matters pertaining to rental increases pursuant to [A.R.S. section] 33–1413, subsection G or I." A.R.S. § 41–2198.03 (1992). One question is presented for review: Is Wildwood's notice of its intention to increase rents and to change oral month-to-month rental agreements governed by A.R.S. section 33–1413(G), which applies to rent increases instituted in connection with the "expiration or renewal of any rental agreements," or is it governed by A.R.S. section 33–1432(F), which applies to "any rent increase"? If the notice is governed by section 33–1432(G), the hearing officer is deprived of jurisdiction to hear the matter.

We conclude that the hearing officer erred in applying A.R.S. section 33–1432(F) (1990) to the facts of this case. We find that A.R.S. section 33–1413(G) governs notice of Wildwood's rent increase. Accordingly, the hearing officer lacked jurisdiction to hear this dispute. We, therefore, reverse the judgment of the superior court and remand with directions to enter judgment for Wildwood.

## I. FACTUAL AND PROCEDURAL HISTORY

The Tenants separately leased mobile home space from Wildwood in Flagstaff, Arizona, on an oral month-to-month basis. In late April 1990, Wildwood sent written notice to the Tenants informing them of its intention to change its current oral month-to-month rental agreements to written one-year leases beginning on June 1, 1990. Wildwood also informed the Tenants that the monthly rent for all tenants at Wildwood would be increased, effective June 1, 1990.

On May 11, 1990, the Tenants, through their tenant association, delivered a letter to Wildwood objecting to a number of things, including Wildwood's failure to provide sixty-days' advance notice prior to the rent increase. On May 21, 1990, Wildwood gave written notice to the Tenants informing them that Wildwood had elected to extend the effective date of the proposed rent increase from June 1, 1990 to July 1, 1990. Wildwood did not collect any increased rent prior to July 1, 1990.

On October 18, 1990, pursuant to A.R.S. section 41–2198.01 (1992), the Tenants filed a petition for a hearing before the Department's hearing officer. The petition set forth twelve complaints, one of which alleged that Wildwood had failed to give the sixty-days' rent increase notice required by A.R.S. section 33–1432(F).

On January 23, 1991, a hearing was held before the Department hearing officer. On February 8, 1991, the hearing officer issued findings of fact and conclusions of law rejecting Wildwood's contention that A.R.S. section 33–1432(F)[2] applied only to written rental agreements. The hearing officer stated:

> The Hearing Officer does not find anything ... to indicate that the sixty-day notice requirement of A.R.S. § 33–1432.F. [sic] applies only when there is a written rental

1. In 1986, the legislature enacted Ariz.Rev.Stat. Ann. ("A.R.S.") sections 41–811 through 41–816, creating the mobile home parks hearing officer function within the Department of Administration. *See* Act of May 12, 1986, 1986 Ariz.Sess. Laws 1303, 1308–10. In 1988, the legislature transferred this function to the Arizona Department of Building and Fire Safety and at the same time renumbered A.R.S. sections 41–811 through 41–815 as A.R.S. sections 41–2198 through 41–2198.04. Act of June 14, 1988, 1988 Ariz.Sess. Laws 715, 723–24.

2. A.R.S. section 33–1432(F), as constituted when this litigation arose, provided: "Each tenant shall be notified, in writing, of any rent increase at least sixty days prior to the increase."

agreement and, accordingly, finds that statute applicable to the instant case. The rent increase which [Wildwood] attempted to impose upon [the Tenants] was invalid, because the statutorily required sixty days notice was not provided.

The hearing officer ordered Wildwood to reimburse the Tenants for any amounts it had collected in violation of section 33–1432(F).

On March 4, 1991, Wildwood petitioned the director of the Department for rehearing pursuant to A.R.S. section 41–2198.04 (1992). Wildwood's petition for rehearing requested that the Department reconsider the portion of the hearing officer's order that dealt with Wildwood's alleged violation of the sixty-day notice requirement of A.R.S. section 33–1432(F). On March 11, 1991, the Department's director denied Wildwood's petition for rehearing.

Wildwood sought judicial review in superior court requesting reversal of the portion of the hearing officer's order relating to Wildwood's alleged violation of the notice requirement in A.R.S. section 33–1432(F). On cross-motions for judgment on the record, the trial court ruled:

> [T]here is substantial evidence in the record to support all of the findings made by the hearing officer. That the conclusions of law made by the hearing officer are correct. That although 41–2198.03 precludes the hearing officer from hearing matters pertaining to rental increases pursuant to 33–1413, it does not preclude the hearing officer from hearing matters pertaining to appropriate notices under either 33–1413 or 33–1432. The issue in this case was whether the tenants ever received notice in writing of a rent increase at least 60 days prior to the increase. The hearing officer's determination on that issue is affirmed by this Court.

The trial court affirmed the findings of fact and the conclusions of law and orders entered by the Department hearing officer. This appeal followed.

## II.  DISCUSSION

■ On review, this court must determine whether the record contains evidence to support the trial court's judgment. *Sanders v. Novick*, 151 Ariz. 606, 608, 729 P.2d 960, 962 (App.1986). We cannot do this without scrutinizing the underlying question of whether the administrative agency acted arbitrarily, capriciously, or in abuse of its discretion. *Id.* In determining if the agency erred in applying the law, we are free to draw our own legal conclusions. *Id.* Consequently, we may substitute our judgment for an agency's conclusions regarding the legal effect of its factual findings. *Id.*

### A.  Applicability of A.R.S. Section 33–1432(F)

In her findings of fact and conclusions of law, the Department's hearing officer found that the sixty-day notice requirement of A.R.S. section 33–1432(F) (current version at A.R.S. section 33–1432(E) (Supp.1993)) is applicable to Wildwood's proposed rent increase. On appeal, Wildwood argues that the hearing officer erroneously relied on this section. Rather, Wildwood contends that A.R.S. section 33–1413(G) governs the rent increase in this case. We agree.

■ A.R.S. section 33–1432(F) states, "Each tenant shall be notified, in writing, of any rent increase at least sixty days prior to the increase." In the abstract, this notice requirement appears to apply to all rental increases. Following this logic, the hearing officer applied A.R.S. section 33–1432(F) to Wildwood's proposed rent increase. Statutory provisions must, however, be considered in the context of the entire statute. *One Hundred Eighteen Members of Blue Sky Mobile Home Owners Ass'n v. Murdock*, 140 Ariz. 417, 419, 682 P.2d 422, 424 (App.1984). Consideration must be given to all of the statutory provisions so as to arrive at the legislative intent manifested by the entire act. *Id.*

As originally adopted by the legislature in 1975, the Act effectively permitted rental increases only on the expiration, renewal, or extension of the original rental agreement. Section 33–1432, dealing with the disclosure and tender of written rental agreements between the mobile home landlord and tenant, contained the only notice provision in the

original Act. As originally enacted, subsection F of section 33–1432 provided:

> F. Each tenant shall be notified, in writing, of any rent increase at least sixty days before the effective date. Such effective date shall not be sooner than the expiration date of the original rental agreement or any renewal or extension thereof.[3]

Act of June 13, 1975, 1975 Ariz.Sess. Laws 653, 658. On the other hand, section 33–1413 of the original Act, entitled "Terms and conditions of rental agreement," contained no provision concerning rental increases or notice. *See* Act of June 13, 1975, 1975 Ariz. Sess. Laws 653, 657.

In 1979, the legislature amended the Act. The amendments to A.R.S. section 33–1413 added seven new subsections, including subsection H, which provided:

> H. Notwithstanding any provision of this article to the contrary, upon the expiration or renewal of any rental agreement, the landlord may increase or decrease the total rent or change payment arrangements. The landlord shall notify the tenant in writing at least sixty days prior to the expiration or renewal of any rental agreement of any such increase or change.

Act of April 17, 1979, 1979 Ariz.Sess. Laws 62, 64 (current version at A.R.S. § 33–1413(G) (Supp.1993)). The legislature also amended A.R.S. section 33–1432(F) as follows:

> F. Each tenant shall be notified, in writing, of any rent increase at least sixty days *prior to the increase.* ~~before the effective date. Such effective date shall not be sooner than the expiration of the original rental agreement or any renewal of extension thereof.~~

Act of April 17, 1979, 1979 Ariz.Sess. Laws 62, 65 (changes or additions in text are indicated by underline and deletions by strike-outs).

The 1979 amendments substantially changed the Act. First, the legislature eliminated the language authorizing rent increases only upon the expiration, renewal or extension of a rental agreement. After the deletion of this language from A.R.S. section 33–1432(F), the statute contained only a general requirement of sixty-days' written notice of a rent increase. Second, subsection H (current version at A.R.S. section 33–1413(G)) added a provision to A.R.S. section 33–1413 allowing changes in rent or other payment terms if the tenant is given sixty-days' written notice before the expiration or renewal of a rental agreement.

■ Thus, although the Act contains two provisions that require a mobile home park landlord to provide its tenants with a sixty-day written notice of rent increases, we conclude that section 33–1413(G) is applicable. That section is the more specific of the two notice provisions. Specific statutory provisions control over those that are general. *City of Phoenix v. Superior Court*, 139 Ariz. 175, 178, 677 P.2d 1283, 1286 (1984); *Maricopa County Juvenile Action No. JA 33794*, 171 Ariz. 90, 93, 828 P.2d 1231, 1234 (App. 1991). Thus, we conclude that A.R.S. section 33–1413(G), which specifically applies to rent increases instituted in connection with "the expiration or renewal of any rental agreement," is specific and controlling over the general provision located in A.R.S. section 33–1432(F), which applies to "all rent increases."

■ The Tenants contend, however, that A.R.S. section 33–1413(G) is nevertheless inapplicable. They argue that a month-to-month tenancy is not a "rental agreement" as that term is defined in the 1990 version of section 33–1409. The latter section says that "'[r]ental agreement' means written leases or agreements . . . embodying the terms and conditions concerning the use and occupancy of a mobile home space." A.R.S. § 33–1409(25) (1990) (amended Supp.1993). The Tenants contend that because their month-to-month tenancies were not written agreements, the expiration of those tenancies and their replacement with written one-year leases did not constitute the "expiration or re-

---

**3.** A.R.S. § 33–1409(13) defined "rental agreement" as "agreements, written or those implied by law, and valid rules and regulations adopted under section 33–1452 embodying the terms and conditions concerning the use and occupancy of a mobile home space or a mobile home and a mobile home space." Act of June 13, 1975, 1975 Ariz.Sess.Laws 653, 655.

newal of [a] rental agreement" within A.R.S. section 33–1413(G). We cannot agree.

When A.R.S. section 33–1413(G) was added by the legislature in 1979, the term "rental agreement" was defined as "leases or agreements, written or those implied by law." Act of April 17, 1979, 1979 Ariz.Sess.Laws 62, 63–64. The legislature later changed this definition to restrict it to "written leases or agreements," Act of May 8, 1987, 1987 Ariz.Sess. Laws 693, 696, at the same time it amended A.R.S. section 33–1413(A) to require a landlord and tenant to "execute" "a signed, written rental agreement" with specified mandatory provisions "at the beginning of the tenancy," id. at 697.[4]

We conclude for several reasons that in amending A.R.S. section 33–1409 to define "rental agreement" as a "written lease or agreement," the legislature did not intend to apply that new restriction to the term "rental agreement" as it had previously been used in A.R.S. section 33–1413(G) and (I). First, the general definitions contained in A.R.S. section 33–1409 do not apply when "the context otherwise requires." See A.R.S. § 33–1409 (Supp.1994). Second, the text of subsection (G),[5] expressly overrides any other provision to the contrary and, together with subsection (I),[6] furnishes the only express authority in the applicable statutes for mobile home space rental increases.

Here, Wildwood sought to end the Tenants' oral month-to-month tenancies and to increase their rents through new leases that were to become effective upon the expiration of the terminated month-to-month tenancies. Consequently, A.R.S. section 33–1413(G) governs Wildwood's right to increase rents. The hearing officer erred when she relied on A.R.S. section 33–1432(F).

## B. Jurisdiction of Hearing Officer

■ A.R.S. section 41–2198.03 (1992) governs the scope of the hearing officer's jurisdiction to hear matters relating to the Act. Section 41–2198.03 provides, in relevant part:

> The mobile home parks hearing officer may hear and adjudicate all matters relating to the ... Act ..., *except that the hearing officer shall not hear matters pertaining to rental increases pursuant to § 33–1413, subsection G or I* and does not have the authority to impose civil penalties.

(Emphasis added). As we discuss above, the rent increases proposed by Wildwood fall within the provisions of A.R.S. section 33–1413(G). Accordingly, pursuant to A.R.S. section 41–2198.03, the hearing officer lacked jurisdiction to hear this dispute.

The trial court, however, held that the parties' dispute over whether the Tenants were timely notified in writing of this rental increase did not constitute a "matter[ ] per-

---

**4.** In 1991, the legislature amended the definition of "rental agreement," effective September 21, 1991, to remove the restricting term "written." *See* Act of May 23, 1991, 1991 Ariz.Sess.Laws 615, 617. Moreover, in its forth special session, the legislature retroactively modified changes to the definition of "mobile home" that it had previously made in 1991, *see id.* at 616, for the purpose of undoing the inadvertent exclusion of "certain mobile homes from the Arizona mobile home parks residential landlord and tenant act and its related hearing process." *See* Act of December 4, 1991, 1991 Ariz.Sess.Laws 4th Spec.Sess. SS4–2, SS4–2–SS4–5. These corrective amendments, however, did not restore the term "written" to the definition of "rental agreement."

**5.** A.R.S. § 33–1314(G) (Supp.1993) currently provides:

> G. *Notwithstanding any provision of this article to the contrary,* upon the expiration or renewal of any rental agreement, the landlord

may increase or decrease the total rent or change payment arrangements. The landlord shall notify the tenant in writing by first class or certified mail or by personal delivery at least sixty days prior to the expiration or renewal of any rental agreement of any such increase or change.

(Emphasis added.)

**6.** A.R.S. § 33–1413(I) (Supp.1993) currently provides:

> I. In addition to any other rental provisions, the landlord is entitled to a rental increase effective at the expiration or renewal of any *rental agreement* or effective immediately if so provided in a *written rental agreement* to compensate him for actual costs of insurance, taxes and rate increases for utilities, which shall by substantiated by the landlord in writing to the tenant.

(Emphasis added.) As indicated, subsection (I), treats "rental agreement" and "written rental agreement" as distinct concepts.

taining to [a] rental increase[] pursuant to § 33–1413," subsection G, within A.R.S. section 41–2198.03. The trial court stated, "although [section] 41–2198.03 precludes the hearing officer from hearing matters pertaining to rental increases pursuant to [section] 33–1413, it does not preclude the hearing officer from hearing matters pertaining to appropriate notices under either [sections] 33–1413 or 33–1432." It therefore rejected Wildwood's contention that the Department's hearing officer lacked jurisdiction to enter the order in question.

We do not agree with this narrow construction of the language of A.R.S. section 33–1413(G). We conclude that the determination of any matter relating to A.R.S. section 33–1413(G), including matters relating to appropriate notice, "pertains to" section 33–1413(G) and thereby divests the hearing officer of jurisdiction to hear the dispute. Here, the issue relates to proper notice of a proposed rent increase. As we discuss above, A.R.S. section 33–1413(G) governs Wildwood's right to increase the rent. Consequently, because the hearing officer was without jurisdiction to award the Tenants reimbursement, the trial court erred in declining to enter judgment for Wildwood.

### C. Attorneys' Fees on Appeal

Wildwood requests an award of attorneys' fees on appeal pursuant to A.R.S. sections 12–348 (1992) and 33–1408 (1990). For the following reasons, we decline to award Wildwood attorneys' fees.

#### 1. Fees Pursuant to A.R.S. Section 12–348

■ Section 12–348(A)(2) requires an award of attorneys' fees against the state in favor of any party that prevails by an adjudication on the merits in "[a] court proceeding to review a state agency decision, pursuant to [A.R.S. sections 12–901 through 12–982 (1992

& Supp.1993) ], or any other statute authorizing judicial review of agency decisions." Section 12–348(H)(1) provides, however, that section 12–348 does not apply to any action "arising from a proceeding before this state . . . in which the role of this state . . . was to . . . adjudicate a dispute or issue between private parties." That precisely describes this action. Moreover, the Department was not a party to the administrative proceeding, did not participate in an advocacy role in the superior court, and had no pecuniary or proprietary interest in the outcome of the action. *See Bromley Group, Ltd. v. Arizona Dep't of Revenue,* 170 Ariz. 532, 826 P.2d 1158 (App. 1991); *Mission Hardwood Co. v. Registrar of Contractors,* 149 Ariz. 12, 716 P.2d 73 (App. 1986). Accordingly, we deny Wildwood an award of fees against the state pursuant to section 12–348.

#### 2. Fees Pursuant to A.R.S. Section 33–1408

■ A.R.S. section 33–1408 provides in pertinent part:

C. In any contested action arising out of an agreement entered into pursuant to this chapter [A.R.S. sections 33–1401 through 33–1491 (1990 and Supp.1993) ] or for violation of any provisions of this chapter, the court may award the successful party reasonable attorney's fees. The award of reasonable attorney's fees shall be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. The award need not equal or relate to the attorney's fees actually paid or contracted and may not exceed the amount paid or agreed to be paid.

This language closely tracks that of A.R.S. sections 12–341.01(A) and (B).[7] When construing section 33–1408, we therefore consult Arizona authorities that have interpreted section 12–341.01.

---

7. A.R.S. section 12–341.01(A) and (B) states:

A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.

B. The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney's fees actually paid or contracted, but such award may not exceed the amount paid or agreed to be paid.

450

In *Associated Indemnity Corp. v. Warner,* 143 Ariz. 567, 569, 694 P.2d 1181, 1183 (1985), our supreme court held that the language of A.R.S. sections 12–341.01(A) and (B) created no presumption that successful litigants are to be awarded attorneys' fees. The court listed the following factors to be considered by the trial court when exercising its discretion to grant or deny an award of fees under that section:

> [T]he Court of Appeals listed several factors which we agree are useful to assist the trial judge in determining whether attorney's fees should be granted under [A.R.S. section 12–341.01(B) ]:
>
> 1. The merits of the claim or defense presented by the unsuccessful party.
>
> 2. The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.
>
> 3. Assessing fees against the unsuccessful party would cause an extreme hardship.
>
> 4. The successful party did not prevail with respect to all of the relief sought.
>
> In addition to these factors, we would include: the novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction. We also believe that the trial court should consider whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

*Id.* at 570, 694 P.2d at 1184 (citations omitted). We find these factors useful in interpreting section 33–1408.

In this case, the Tenants' position on the merits of the notice issue had significant support in logic. And, the record does not indicate that the Tenants obstructed or failed to cooperate with reasonable efforts to settle the case. Further, both the notice issue and the question of the hearing officer's jurisdiction are issues of first impression in Arizona. Finally, awarding fees against the Tenants would tend to discourage others in similar circumstances from resorting to available

remedies before the Department to assert legitimate claims under the Act. We exercise our discretion under A.R.S. section 33–1408(C) and deny Wildwood's request for attorneys' fees on appeal.

### III. CONCLUSION

For the foregoing reasons, the judgment of the superior court is reversed with directions to enter judgment for Wildwood. Additionally, we deny Wildwood's request for attorneys' fees on appeal.

WEISBERG, P.J., and CONTRERAS, J., concur.