920 P.2d 776

**ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM, an agency of the State of Arizona; Mabel Chen, M.D., in her official capacity as Director of AHCCCS; Health Management Systems, Inc., a Delaware corporation; HHL Financial Services, Inc., a Delaware corporation, Plaintiffs–Appellees,**

v.

**COCHISE COUNTY, Coconino County, Gila County, Graham County, Greenlee County, Maricopa County, Mohave County, Navajo County, Pima County, Pinal County, Santa Cruz County, Yavapai County, Yuma County and La Paz County, each of which is a political subdivision of the State of Arizona; Recorder for Cochise County; Recorder for Coconino County; Recorder for Gila County; Recorder for Graham County Recorder for Greenlee County; Recorder for Maricopa County; Recorder for Mohave County; Recorder for Navajo**

County; Recorder for Pima County; Recorder for Pinal County; Recorder for Santa Cruz County; Recorder for Yavapai County; Recorder for Yuma County; Recorder for La Paz County, Defendants–Appellants.

No. 1 CA–CV 95–0064.

Court of Appeals of Arizona, Division 1, Department C.

June 27, 1996.

Johnston, Maynard, Grant and Parker, P.L.C. by Jeffrey C. Brodin, Margo F. Shein, Phoenix, for Plaintiffs–Appellees.

Richard Romley, Maricopa County Attorney by Barbara Lee Caldwell, Deputy County Attorney, Phoenix, for Defendants–Appellants.

## OPINION

LANKFORD, Judge.

The sole issue in this appeal is whether the fee exemption provided to the Arizona Health Care Cost Containment System ("AHCCCS") in Ariz.Rev.Stat. Ann. ("A.R.S.") section 36–2915(G) (Supp.1995) extends to two companies that were hired by AHCCCS to recover on AHCCCS liens. We affirm the superior court's judgment that the fee exemption applies.

AHCCCS is the state agency that provides health care services to Arizona's eligible indigent population. *See* A.R.S. § 36–2901 *et seq.* (1993); *Mercy Healthcare Arizona v. Arizona Health Care Cost Containment Sys.,* 181 Ariz. 95, 97, 887 P.2d 625, 627 (App.1994). AHCCCS is entitled to liens in the amount of its health care outlays on patients' liability or indemnity claims against third parties. A.R.S. § 36–2915 (Supp.1995).[1] The AHCCCS director "or his authorized representative" is responsible for recording the liens. A.R.S. § 36–2915(B) (Supp.1995).

In May 1993, AHCCCS enhanced its third-party recovery efforts by hiring Health Management Systems ("HMS") to assist in collecting on liens and indemnity claims. AHCCCS authorized HMS and its subcontractor, Financial Services HHL ("HHL"), to "[f]ile, amend, and release liens . . . on behalf

---

1. A.R.S. section 36–2915(A) provides:

The administration is entitled to a lien for the charges for hospital or medical care and treatment of an injured person for which the administration or a provider is responsible, on any and all claims of liability or indemnity for damages accruing to the person to whom hospital or medical service is rendered, or to the legal representative of such person, on account of injuries giving rise to such claims and which necessitated such hospital or medical care and treatment.

of AHCCCSA." HMS and HHL are compensated for their recovery services based upon a percentage of the funds recovered.

Effective June 1993, an amendment to A.R.S. section 36–2915(G) exempted AHCCCS from paying certain fees:

> Notwithstanding any other law, a political subdivision or department of the state shall not charge the system a fee for performing an act necessary to recover monies from third party payors as provided by this section.

The defendant counties refused to exempt HMS and HHL from the fees for filing, amending, and releasing the liens on behalf of AHCCCS on the theory that HMS and HHL were not the AHCCCS "system." AHCCCS, HMS, and HHL filed this action to obtain declaratory and injunctive relief and for reimbursement from the counties for the fees already collected.

After the parties filed cross-motions for summary judgment, the superior court granted declaratory and injunctive relief to the plaintiffs. The court decided that the fee exemption extended to HMS and HHL and any other entities "acting as the authorized representative for the AHCCCS Director when performing acts necessary to recover funds from third party payors on behalf of AHCCCS as provided by A.R.S. § 36–2915." The court enjoined the county recorders from charging HMS and HHL for performing these acts. The court separately ordered the counties to reimburse HMS and HHL for fees previously charged in violation of A.R.S. section 36–2915(G). The defendants appealed from both judgments and we consolidated the appeals.

The precise question is whether HMS and HHL, as independent contractors, are qualified for the fee exemption provided in section 36–2915(G) as part of *"the system."* See A.R.S. § 36–2915(G) (emphasis added). We answer this question of statutory interpretation by a de novo analysis. *Turf Paradise, Inc. v. Maricopa County,* 179 Ariz. 337, 340, 878 P.2d 1375, 1378 (App.1994).

Because the director or his authorized representative is the only person authorized to file liens on behalf of AHCCCS, we must first determine whether HMS and HHL, as independent contractors, can be authorized representatives of AHCCCS. The defendants argue that only an agent of the director can be his "authorized representative," and that independent contractors such as HMS and HHL do not fall in this category. The statute does not define the term "authorized representative." However, nothing in the statute limits an authorized representative to one who stands in an agent-principal relationship with AHCCCS. The terms "agent" and "authorized representative" are not necessarily synonymous. *Cf. Bunker Hill Co. Lead & Zinc Smelter v. EPA,* 658 F.2d 1280, 1283 (9th Cir.1981) (holding that an "authorized agent," as used in the Clean Air Act, could be an independent contractor).

We conclude that the Legislature did not intend to limit authorized representatives to agents. In determining legislative intent, courts must consider the statute's spirit and purpose, the policy behind it and any evil it is designed to remedy. *State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). We are guided in this case by the legislative goal of cost containment. Not only is this purpose reflected in the AHCCCS name, but it also appears throughout the entire statutory scheme. *See, e.g.,* A.R.S. § 36–2915 (allowing AHCCCS to recover its costs through liens); A.R.S. § 36–2903(C)(4) (requiring the director to identify "unnecessary or unreasonable utilization within the system"). An interpretation that allows the director to select an independent entity as his authorized representative rather than limiting him to AHCCCS agents, should he determine it to be more cost effective, is most consistent with the legislature's intent.[2] Moreover, ex-

---

2. The defendant also argues that the AHCCCS director did not believe that the exemption applied to HMS because the agreement with AHCCCS provides that HMS and HHL will file lien documents at their own expense. The agreement, however, was made prior to the time that the fee exemption for the "system" had gone into effect. AHCCCS previously was required to pay lien filing fees although at a reduced rate pursuant to A.R.S. section 11–475. The agreement between the parties that HMS and HHL will bear expenses does not preclude application of a statute that later became effective and that exempted the fee.

tending the exemption to that entity best implements the intent to reduce collection costs and thereby increase net recovery to the system.

We must next determine whether the director's authorized representatives are a part of the system and therefore entitled to the fee exemption. The primary rule of statutory interpretation is to determine and give effect to legislative intent. *Martin v. Martin*, 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988). Individual statutory provisions, however, should not be considered in the abstract. *Wildwood Hills Mobile Home Park v. Arizona Dep't of Bldg. & Fire Safety*, 180 Ariz. 443, 446, 885 P.2d 131, 134 (App.1994). Instead, they should be considered in the context of the entire statute. *Id.* Only by considering the related statutory provisions together will the intent behind the entire statute become clear. *Id.*

Reading subsections (B) and (G) of section 36–2915 together reveals that the Legislature intended the fee exemption to apply to liens filed by either the director or his authorized representative. Subsection (B) authorizes either "the director or his authorized representative" to file liens. A.R.S. § 36–2915(B). Subsection (G) provides a fee exemption to "the system" for "performing an act necessary to recover monies from third-party payors as provided by this section." A.R.S. § 36–2915(G). Subsection (G) reduces AHCCCS's costs when it files liens. It would make little sense for the Legislature to authorize either the director or the director's authorized representative to record the lien, but then provide for a fee exemption only if the director records the lien. We conclude that the Legislature intended to include both the director and its authorized representative as part of "the system." Therefore, HMS and HHL, as the AHCCCS director's authorized representatives, are entitled to the fee exemption provided in section 36–2915(G).

The defendants nonetheless contend that HMS and HHL are not entitled to the fee exemption because they are not part of "the system" as defined in another provision, A.R.S. section 36–2903(A). That section states that "[t]he system shall consist of contracts with providers...." A "provider" in turn is defined as "any person who contracts with the administration for the provision of hospitalization and medical care to members according to the provisions of this chapter or any subcontractor of such provider delivering services pursuant to this article." A.R.S. § 36–2901(12) (Supp.1995). Defendants argue that because HMS and HHL have contracted to provide collection services, and not hospital or medical care, the fee exemption cannot apply to them.

The defendant's reliance on section 36–2903(A) is misplaced because section 36–2901(13) defines "the system." Section 36–2901(13) defines the term as "the Arizona health care cost containment system established by this article." The article establishes not only contracts with providers, but the administration of the system as well. *See, e.g.,* A.R.S. § 36–2903 ("Arizona health care cost containment system; administrator; powers and duties of director and administrator...."). Section 36–2903(A) merely indicates that contracts with providers are part of the AHCCCS system, not that such contracts are the entirety of the system.

We hold that HMS and HHL are the director's authorized representatives in recording lien documents on behalf of AHCCCS and are entitled to the fee exemption granted by A.R.S. section 36–2915(G). We affirm the trial court's orders granting declaratory and injunctive relief and ordering reimbursement of filing fees.

FIDEL, P.J., and SULT, J., concur.