## MATTSON *v.* GENERAL MOTORS CORPORATION.

1. MOTIONS—DIRECTED VERDICT—ISSUE OF FACT TO SUBMIT TO JURY.
   The critical question in deciding whether to grant a motion for a directed verdict is whether there is an issue of fact which must be submitted to the jury.

2. DAMAGES—QUESTION FOR JURY—BREACH OF WARRANTY.
   Plaintiff's claim that a jury was entitled to decide the extent of damages resulting from breach of warranties *held,* without merit, where there was no testimony regarding the existence of an implied contract, the express warranty was never breached, and the alleged warranty implied by law was disclaimed by plaintiffs in a written new car warranty.

3. SALES—AVOIDING IMPLIED WARRANTIES.
   Vendor, to avoid the warranty which the law implies, must incorporate it in his contract or insert in the contract a warranty which will exclude all others.

4. SAME—EXPRESS WARRANTY PRECLUDES IMPLIED WARRANTY.
   Language that the warranty. is expressly in lieu of any other warranties, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose *held,* expressly to exclude all implied warranties.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  53 Am Jur, Trial § 332.
[3, 4]  46 Am Jur, Sales §§ 334, 335.

·. Appeal from Houghton; Brennan (Leo J.), J.
Submitted Division 3 October 6, 1967, at Marquette.
(Docket No. 2,504.)   Decided March 18, 1968.

Complaint by Heimo and Helen Mattson against
General Motors Corporation, Buick Motor Division,
a Delaware corporation, for special and consequen-
tial damages resulting from breaches of expressed
and implied warranties.   Directed verdict and judg-
ment for defendant.   Plaintiff appeals.   Affirmed.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*Messner & La Bine,* for defendant.

BURNS, J.   Plaintiffs appeal from a directed ver-
dict against their claim for special and consequen-
tial damages allegedly resulting from breaches of
expressed and implied warranties.

On November 15, 1963, defendant's dealer in Han-
cock, Michigan, sold plaintiffs a new 1964 Buick
automobile.   At the time of the sale Mr. Mattson
read the following new car warranty:

"Buick motor division of General Motors Corpo-
ration, as manufacturer, warrants each new motor
vehicle and chassis including all equipment and ac-
cessories thereon (except tires and tubes), manu-
factured or supplied by Buick motor division and
delivered to the original retail purchaser by an
authorized Buick dealer, to be free from defects in
material and workmanship under normal use and
service; Buick motor division's obligation under
this warranty being limited to repairing or replac-
ing at its option any part or parts thereof which
shall, within 24 months after delivery of such ve-
hicle or chassis to the original retail purchaser or
before such vehicle or chassis has been driven
24,000 miles, whichever event shall first occur, be

returned to an authorized Buick dealer at such dealer's place of business and which examination shall disclose to manufacturer's satisfaction to have been thus defective.   The repair or replacement of defective parts under this warranty will be made by such dealer without charge for parts, and if made at such dealer's place of business, without charge for labor.   *   *   *

"This warranty is expressly in lieu of any other warranties, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, and of any other obligations or liability on the part of the manufacturer, and Buick motor division neither assumes nor authorizes any other person to assume for it any other liability in connection with such motor vehicle or chassis."

On Thursday, March 19, 1964, Mr. Mattson, his daughter, and 2 other passengers began a trip in the vehicle to East Detroit.   In the vicinity of Clare, Michigan, the automobile malfunctioned and temporary repairs had to be made in order to complete the journey to East Detroit.   Upon receiving instructions from defendant's public relations department on Friday, Mr. Mattson took the car to a Buick service agency in Flint.   When he was informed that nothing could be done until Monday, he returned by bus to East Detroit.   Since his daughter had to be back at school on Monday, Mr. Mattson and his daughter travelled to Hancock by bus on Saturday.

The next week Mr. Mattson was notified that the Buick had been repaired free of charge and could be picked up at any time.   Plaintiffs, however, felt that they would have "more trouble" with the car and, consequently, requested the reimbursement of their purchase money.   The vehicle was sold, and the difference between the selling price and the amount owed on plaintiffs' chattel mortgage was

deposited to their account at a Hancock bank. Thereafter plaintiffs commenced this civil action alleging that when Heimo Mattson took the automobile to Flint, there arose an implied contract to the effect that the automobile would be repaired immediately and that the defendant breached said implied contract, the expressed warranty, and the implied warranty. Plaintiffs asked damages for defendant's failure to reimburse them for travel expense to and from Flint, mental anguish and the purchase price of the automobile.

In directing the verdict, the trial judge stated, "The court has come to the conclusion that the plaintiffs have failed to meet the burden of proof by a preponderance of evidence." This clearly is the wrong standard upon which to premise a directed verdict. Moments later, however, it became apparent that the judge had misspoken and was applying the correct law; the judge said to the jury, "Had there been any elements here of disputed facts whatsoever, the case would have been submitted to you." The critical question in deciding whether to grant a motion for a directed verdict is whether there is an issue of fact which must be submitted to the jury. 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), § 515, author's comments, p 529. The trial judge not only properly employed this test, but he also made the correct determination.

Plaintiffs claim, however, that the jury was entitled to decide the extent of damages which allegedly arose because of the breach of warranties.

The proofs in this case did not justify an assessment of damages by the jury. There was no testimony regarding the alleged existence of an implied contract that the automobile would be repaired immediately. The expressed warranty was never breached; the defendant did exactly what it war-

ranted it would do. The alleged warranty implied by law was disclaimed by plaintiffs in the new car warranty, *supra.* In *Little* v. *G. E. Van Syckle & Co.* (1898), 115 Mich 480, 483, the Court said:

"If a vendor * * * desires to avoid that warranty which the law implies, he must incorporate it in his contract, or insert therein a warranty which will exclude all others."

The contract in dispute in *Kolodzcak* v. *Peerless Motor Co.* (1931), 255 Mich 47, 48, provided:

" 'There are no understandings, agreements or warranties, expressed or implied, not specified herein, respecting this contract or the goods hereby ordered.' "

This language was held to expressly exclude all implied warranties. The disclaimer in the present case has the same effect.

Judgment affirmed. Costs to appellees.

FITZGERALD, P. J., and HOLBROOK, J., concurred.