Oscar Lee **TRAYNOR**, Plaintiff,

v.

**WINNEBAGO INDUSTRIES, INC.**
**& Workhorse Custom Chassis**
**Inc., Defendants.**

No. CV–03–2082–PHX–DGC.

United States District Court,
D. Arizona.

March 28, 2006.

Ian Jeffrey Pryor, Marshall Scott Meyers, Krohn & Moss Ltd., Phoenix, AZ, for Plaintiff.

David Wendell Williams, Bowman & Brooke LLP, Phoenix, AZ, Negatu Molla, Bowman & Brooke LLP, Phoenix, AZ, for Defendants.

## ORDER

CAMPBELL, District Judge.

Defendant Winnebago Industries, Inc., which prevailed on summary judgment, now seeks to recover its attorneys' fees under Arizona Revised Statutes § 12–341.01. Doc. # 185. Plaintiff opposes the request. Doc. # 197.

Plaintiff brought this action under the Magnuson–Moss Warranty Act ("MMWA"). Because courts applying the MMWA look to state warranty law in some instances, and because Plaintiff's MMWA claim arose out of a written warranty,

Winnebago argues that this case is one "arising out of contract" within the meaning of the Arizona statute. *See* A.R.S. § 12–341.01(A).

The Court does not agree that the Arizona statute applies. Plaintiff asserts a federal cause of action. As the Ninth Circuit has held, the MMWA "creates a *federal* private cause of action for a warrantor's failure to comply with the terms of a written warranty." *Milicevic v. Fletcher Jones Imports, Ltd.,* 402 F.3d 912, 917 (9th Cir.2005) (citing 15 U.S.C. § 2310(d)(1)(B)) (emphasis added). This is not a diversity case in which state claims have been brought to federal court. The power of this Court has been invoked as a matter of federal question jurisdiction. 28 U.S.C § 1331.

Although it is true that the MMWA looks to state warranty law in certain instances, this fact does not transform Plaintiff's claim into a cause of action brought under Arizona law. Plaintiff has sued in federal court, asserting a federal right of action, pursuant to federal question jurisdiction. Federal law, therefore, governs the question of attorneys' fees. *See Modzelewski v. Resolution Trust Corp.,* 14 F.3d 1374, 1379 (9th Cir.1994) (federal law, not state law, governs the parties' right to recover attorneys' fees in federal question case); *Home Savings Bank F.S.B. v. Gillam,* 952 F.2d 1152, 1162 (9th Cir.1991) (same). This is particularly true where the federal law in question contains its own attorneys' fee provision, as does the MMWA—a provision, Winnebago agrees, that does not entitle it to recover fees in this case.

Winnebago argues that this Court should follow the recent decision of the Arizona Court of Appeals in *Chaurasia v. General Motors,* 212 Ariz. 18, 126 P.3d 165, 468 Ariz. Adv. Rep. 9 (App., 2006). The Court in *Chaurasia* addressed an MMWA claim brought in state court and concluded that the right to attorneys' fees should be governed by Arizona law. In so holding, the Court concluded that Congress had not pre-empted state attorneys' fees statutes in the MMWA. But holding that Congress has not prohibited a state from applying its own attorneys' fees statute in its own courts is not the same as holding that a federal court exercising federal question jurisdiction over a federal cause of action should apply state law. Decisions of the Arizona Court of Appeals should be followed by this Court when applying Arizona law, but this is a federal case with a federal cause of action. Congress has given en no indication that federal courts should look to state law when awarding attorneys' fees in MMWA cases. To the contrary, Congress has expressly provided an attorneys' fee provision in the MMWA that does not entitled Winnebago to a recovery.

The Court concludes that Winnebago is not entitled to recover attorneys' fees in this case. In so holding, the Court aligns itself with the three other cases in this district that have addressed the same question. *See Plagens v. National RV Holdings, Inc.,* 2005 WL 1353936 (D.Ariz. 2005); *Weber v. Fleetwood Motor Homes of Indiana, Inc.,* CV03–2606–PHX–JWS (Dec. 29, 2005 Order); *Goelz v. Winnebago and Freightliner,* CV–03–1290–PHX–SRB (Nov. 21, 2005 Order).

**IT IS ORDERED** that Winnebago's application for attorneys' fees (Doc. # 185) is denied.