NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HARMINDER SAMRA, *Plaintiff/Appellant,*

*v.*

SHASHIKANT PATEL, *Defendant/Appellee.*

No. 1 CA-CV 20-0410
FILED 4-1-2021

Appeal from the Superior Court in Coconino County
No. S0300CV201600474
The Honorable Dan R. Slayton, Judge

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

The Law Offices of Mary T. Hone, PLLC, Scottsdale
By Mary T. Hone
*Counsel for Plaintiff/Appellant*

Holland Law Firm PLLC, Snowflake
By Joseph E. Holland
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

**P E R K I N S**, Judge:

¶1      Harminder Samra challenges the superior court's summary judgment ruling on her civil conspiracy and fraudulent transfer claims against Shashikant Patel. We affirm summary judgment but vacate the associated attorneys' fees award.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      This case involves the transfer of two LLCs, Holbrook Motel Investors LLC ("HMI") and Holbrook Motel Partners LLC ("HMP"), that owned two hotels in Holbrook. HMI's members at the beginning of litigation included Samra, Umrik Singh, Satinder S. Gill, Joga S. Mann, Gurjit S. Sekhon, Harinder S. Gill, and Hoshiar S. Grewal. HMP's members included Samra, Singh, Mann, Sekhon, Harinda Gill, Sukhmander S. Gill, and Satinder S. Gill.

¶3      On April 27, 2012, all HMI and HMP members except Samra executed agreements selling both LLCs to Patel. Singh signed the agreements on Samra's behalf.

¶4      Samra sued Patel, HMI, HMP, and both LLCs' members in November 2015 seeking to set aside the transactions. As relevant to this appeal, she alleged that Patel and the other members conspired to transfer the two LLCs, which "wrongfully depriv[ed] [her] of the value of her respective ownership interests." She also alleged that the transactions were fraudulent under Arizona's Uniform Fraudulent Transfer Act ("UFTA").

¶5      Patel moved for summary judgment, arguing among other things that (1) the claims were time-barred; (2) Singh and the other members had apparent authority to bind Samra; and (3) he was entitled to protection as a bona fide purchaser of the LLCs. Samra opposed the motion, contending that the other members did not inform her of the transfers in 2012, that she did not consent to them, and that she did not authorize Singh to sign the sale agreements on her behalf. She further contended her claims were not time-barred because she filed within the four-year limitations period under the UFTA. *See* A.R.S. § 44-1009.

**¶6** On June 15, 2020, the court granted Patel's motion in an unsigned minute entry. It entered a final judgment under Arizona Rule of Civil Procedure 54(b) on the claims against Patel on July 14, 2020. Two days later, Samra filed a notice of appeal challenging "the Amended Judgment entered in this case on June 15, 2020."

## JURISDICTION

**¶7** Patel contends Samra prematurely filed her notice of appeal because the June 15, 2020 minute entry "contained no Rule 54 language and would otherwise not have qualified as an appealable order." A notice of appeal is premature if filed in the absence of a final judgment, and we would lack jurisdiction to consider it. *AU Enters. Inc. v. Edwards*, 248 Ariz. 109, 112, ¶ 11 (App. 2020); *see also McCleary v. Tripodi*, 243 Ariz. 197, 199, ¶ 8 (App. 2017). Samra filed her notice of appeal two days after the superior court entered its final judgment. It was not premature.

**¶8** Patel also contends Samra filed a defective notice of appeal. A notice of appeal must "[d]esignate the judgment or portion of the judgment from which the party is appealing or cross-appealing." ARCAP 8(c)(4). But we will treat a defective notice as sufficient "if it is neither misleading nor prejudicial to the appellee." *Boydston v. Strole Dev. Co.*, 193 Ariz. 47, 50, ¶ 12 (1998). Moreover, "where adequate notice has been given an opposing party, fairness demands that no mere technical error should prevent the appellate court from reaching the merits of the appeal." *Hill v. City of Phoenix*, 193 Ariz. 570, 572, ¶ 10 (1999) (quoting *Hanen v. Willis*, 102 Ariz. 6, 9 (1967)).

**¶9** Patel does not contend he did not receive adequate notice or that he suffered any meaningful prejudice because of any defects in Samra's notice of appeal. We therefore reject his contention.

## DISCUSSION

**¶10** To prevail on a motion for summary judgment, the movant must show no genuine dispute about any material fact and entitlement to judgment as a matter of law. Ariz. R. Civ. P. 56(a). We review a grant of summary judgment *de novo*, viewing the evidence in a light most favorable to the nonmoving party. *Normandin v. Encanto Adventures, LLC*, 246 Ariz. 458, 460, ¶ 9 (2019). Summary judgment should be granted for a defendant only "if the facts produced in support of [a] claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim." *Orme School v. Reeves*, 166 Ariz. 301, 309 (1990).

**¶11** As noted above, Samra alleged that Patel conspired with the other HMI and HMP members to fraudulently transfer the LLCs. To establish liability for a conspiracy, a plaintiff must show by clear and convincing evidence that two or more people (1) agreed to accomplish an unlawful purpose or a lawful purpose by unlawful means; (2) accomplished the underlying tort; and (3) caused damages. *Dawson v. Withycombe*, 216 Ariz. 84, 103, ¶ 53 (App. 2007).

**¶12** Damages for a civil conspiracy do not arise from the conspiracy itself, but from the acts committed pursuant to it. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 131 (1966). The underlying act alleged in this case is fraudulent transfer. A transfer is fraudulent as to a present or future creditor if made by the debtor:

> 1. With actual intent to hinder, delay or defraud any creditor of the debtor.
>
> 2. Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
>
> (a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>
> (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

A.R.S. § 44-1004(A). But a transfer or obligation is not voidable under § 44-1004(A)(1) against a person who "took in good faith and for a reasonably equivalent value." A.R.S. § 44-1008(A). Clear and satisfactory evidence is required to prove a fraudulent transfer. *See Gerow v. Covill*, 192 Ariz. 9, 17, ¶ 33 (App. 1998).

**¶13** "Clear and satisfactory evidence" is the same as "clear and convincing evidence" and is a higher burden than preponderance of the evidence. *Tucson Elec. Power Co. v. Ariz. Corp. Comm'n*, 132 Ariz. 240, 243 (1982). To meet this burden, the claimant must show that the thing to be proved is highly probable or reasonably certain. *Gila River Indian Cmty. v. Dep't of Child Safety*, 238 Ariz. 531, 537, ¶ 23 (App. 2015). We consider the

applicable burden of proof when reviewing a grant of summary judgment. *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 293, ¶ 20 n.5 (App. 2005).

## I.        Samra Failed to Present Relevant Evidence to Show Patel Did Not Act in Good Faith

**¶14**        Samra first challenges the court's conclusion that Patel purchased the LLCs in good faith, citing her own affidavit testimony that neither she nor her husband spoke with Singh or knew that he would sign the sale documents on her behalf. She also argues Patel "never questioned" the May 1, 2012 members' meeting minutes he received, noting Singh also signed for Samra. The record is unclear when Patel obtained these minutes. Nonetheless, the minutes reflect Samra's telephonic presence at the members' meeting in which they approved "transferring full ownership of [HMI] to . . . Patel." As such, while Samra denied any knowledge of the transactions, she presented no evidence to suggest that Patel knew or should have known Singh lacked authority to act on her behalf.

**¶15**        Samra also contends Patel was not a bona fide purchaser because he "did virtually no due diligence" before purchasing the LLCs. Specifically, she contends that (1) Patel did not ask for copies of the LLCs' tax returns, balance sheets, or bank statements before entering the transactions; (2) Grewal and Gill remained as members of HMI and HMP, respectively; and (3) the other members did not require Patel to "provide so much as an approval letter from a bank showing his ability to pay off the hotels' debts." She does not explain, however, how this evidence shows that Patel knew or should have known the transactions were intended to defraud her. *See Carey v. Soucy*, 245 Ariz. 547, 553–54, ¶ 29 (App. 2018) (the relevant question in determining good faith under § 44-1008(A) is whether the buyer knew or should have known the purpose of transactions at issue was to defraud creditors).

## II.        Samra Failed to Present Relevant Evidence to Show Patel Did Not Pay Reasonably Equivalent Value

**¶16**        Samra also contends issues of material fact remain as to whether Patel is a bona fide purchaser, citing Mann's testimony that Patel failed to pay the members the amount owed under the purchase agreements. *See id.* at 554, ¶ 30 n.5 (party claiming defense under § 44-1008(A) "must have taken . . . for a reasonably equivalent value."). The purchase agreements are not in the record. As such, what Patel agreed to pay is unclear.

¶17        Undisputed record evidence shows, however, both hotels were in foreclosure at the time of the sale and that Patel agreed to "take on all [LLCs'] liabilities, bring the notes current (saving the properties from foreclosure), and pay all of the back franchising fees." *See* A.R.S. § 44-1003(A) ("Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, . . . an antecedent debt is secured or satisfied"). Taking as true Samra's contention that Patel later failed to pay some amount due to the members, that would not by itself suggest Patel acted fraudulently under the UFTA. *See* A.R.S. § 44-1004(B) (listing non-exclusive factors to consider in determining actual intent to hinder, delay, or defraud).

¶18        Samra also presented evidence that Patel sold one of the hotels in January 2014 for $2.1 million and "profited . . . to the tune of $832,000." That figure represented the approximate net proceeds of the sale, not Patel's profits. Nonetheless, the terms of that sale have no bearing on whether Patel paid reasonably equivalent value for the LLCs that owned both hotels two years earlier.

¶19        Samra therefore failed to present sufficient evidence from which a reasonable jury could find it was highly probable or reasonably certain that Patel knew or should have known the LLC sales were fraudulent. *See Carey*, 245 Ariz. at 553–54, ¶ 29. Nor did she present sufficient evidence to suggest that it was highly likely or reasonably certain that Patel agreed with some or all of the other HMI and HMP members to accomplish an unlawful purpose through the LLC sales. *See Dawson*, 216 Ariz. at 103, ¶ 53. The superior court did not err in granting summary judgment to Patel.

**III.        The Court Did Not Enter Judgment on Samra's Claims Against the Other Members**

¶20        Samra also contends the court should not have granted summary judgment to any other defendants on Counts Five and Eight. While the judgment refers to "Defendants" once, it appears to be a typographical error, as all the supporting findings refer to Patel alone. The court certified the judgment under Rule 54(b) because it "disposes of all claims brought against . . . Patel." We therefore conclude the judgment before us only resolves the claims against Patel.

**IV.** **The Superior Court Erred in Awarding Fees under A.R.S. § 12-341.01(A)**

**¶21** Samra also challenges the superior court's attorneys' fees award under § 12-341.01(A), which permits a discretionary award to the successful party in an action arising out of a contract. We review *de novo* whether the statute applies. *Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, 26, ¶ 24 (App. 2006).

**¶22** An action arises in contract if the duty breached is created by the contractual relationship and would not exist but for the contract. *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 220–21, ¶ 12 (App. 2012) (quoting *Barmat v. John & Jane Doe Partners A–D,* 155 Ariz. 519, 523 (1987)). Claims based on duties established in statute or implied by law are ineligible for fee recovery. *Caruthers v. Underhill*, 230 Ariz. 513, 526, ¶ 57 (App. 2012).

**¶23** Fraudulent transfer claims, which arise under the UFTA, typically do not qualify for a § 12-341.01(A) fee award. *See Dooley v. O'Brien*, 226 Ariz. 149, 154, ¶ 20 (App. 2010). And civil conspiracy is "a device to impose vicarious liability for the underlying tort on all who commonly plan, take part in, or cooperate in the wrongdoers' acts." *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Tr. of Phx., Inc.*, 197 Ariz. 535, 545, ¶ 42 (App. 2000). Patel broadly contends fees are appropriate in civil conspiracy cases because an agreement is an essential element of the claim. But the duty not to enter such agreements does not arise from contract.

**¶24** In short, while Patel's purchase of the LLCs is a factual predicate for Samra's claims against him, it is not the essential basis of the action. *See Chaurasia*, 212 Ariz. at 26, ¶ 25. We therefore vacate the fee award. We also deny Patel's request for attorneys' fees on appeal.

**CONCLUSION**

**¶25** We affirm summary judgment in favor of Patel but vacate the associated attorneys' fees award. Patel may recover his taxable costs incurred in this appeal upon compliance with ARCAP 21.

